IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GLORIA RYAN                                              PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:03cv225-DCB-JCS

EQUICREDIT CORPORATION OF AMERICA;
NATIONSCREDIT FINANCIAL SERVICES
CORPORATION d/b/a EQUICREDIT;
HOWARD CONSTRUCTION COMPANY;
GATEWAY MORTGAGE; LEON HOWARD in
his individual capacity; DON E.
HINSON, in his individual capacity;
LOUISE BARNES, in her individual
capacity, AND JOHN DOES 1-50                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendants, EquiCredit Corporation of America and NationsCredit Financial Services Corporation /d/b/a EquiCredit (collectively, the "EquiCredit defendants"), Motion for Summary Judgment [**docket entry no. 42**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

Gloria Ryan ("Ryan") initiated the instant suit against the EquiCredit defendants and others on March 12, 2003, in the Circuit Court of Adams County, Mississippi. Ryan's claims against the EquiCredit defendants arise out of a residential loan made by EquiCredit to Ryan secured by real property located at 580 Inez Street, Natchez, Mississippi. The EquiCredit defendants removed the state action to this Court, and Ryan's subsequent motion to

remand was denied in an Order dated March 30, 2004 [docket entry no. 22]. Ryan was initially represented by Harry M. McCumber in this matter; however, Mr. McCumber withdrew as Ryan's attorney of record on February 18, 2005. Since that time, Ryan has proceeded *pro se*.

On March 5, 2004, Ryan filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Mississippi, Western Division, Cause No. 04-01278-WEE. J. Stephen Smith was appointed as the Chapter 7 Trustee in that proceeding.

The EquiCredit defendants, along with the Bank of America, were also named as defendants in a class action suit styled *John Fitzgerald, on behalf of himself and all others similarly situated, et al. v. EquiCredit Corporation of America; Bank of America Corporation and NationsCredit Financial Services Corporation* (the "Fitzgerald Class Action"). The class action suit was filed in the United States District Court for the Northern District of Mississippi, Greenville Division, Civil Action No. 4:03cv107.

In the Fitzgerald Class Action, Judge Allen Pepper, Jr. entered an *Order Granting Preliminary Approval* on November 29, 2004, provisionally certifying a "Borrower Class" in that action, defined as follows:

> All persons to whom EquiCredit Defendants originated (either directly or through a broker) a loan, secured, in whole or in part, by residential real property located in the State of Mississippi, between January 1, 1998 and December 31, 2001. The Class shall not

include any present and former employees of
the EquiCredit Defendants and their relatives,
any individual for whom such claims against
the EquiCredit Defendants are barred by a
judgment or have been released, or any
individual who filed for bankruptcy after loan
origination and was discharged who failed to
list as an asset his or her claims in this
action or whose listed claims were not
abandoned to them by their trustee.  The Class
also does not include the following two groups
(1) any individual whose loan was: (i) secured
by a mobile home; (ii) originated by
NationsCredit national dealer channel; and
(iii) who did not receive an application
through a NationsCredit branch in Mississippi;
and (2) any individual whose loan was
originated by NationsCredit between January 1,
1998 and November 1, 1998 without credit life
insurance, and which was paid in full or sold
during that time period.

Preliminary Approval Order (attached as Ex. "A" to Def. Motion for

Summ. Judgment).

    Pursuant to Judge Pepper's Order, the claims administrator in

the Fitzgerald Class Action provided individual written notice to

Ryan of the existence of the class action and notified her of her

right to either object to the certification of the Borrower Class

or to opt-out of the Class.  See Notice dated Dec. 15, 2004

(attached as Ex. "B" to Def. Motion for Summ. Judgment).  Counsel

for the EquiCredit defendants also gave notice of the entry of the

Preliminary Approval Order to Mr. McCumber, then still acting as

Ryan's attorney, by letter dated December 20, 2004.  See Letter to

Mr. McCumber (attached as Ex. "C" to Def. Motion for Summ.

Judgment).  After receiving notice of the Fitzgerald Class Action,

-3-

this Court entered an Order staying Ryan's case pending the outcome of that suit.  See Order dated Dec. 30, 2004 [docket entry no. 38].

Ryan did not object to or opt-out of the Borrower Class as defined by the Preliminary Approval Order.  On June 7, 2005, Judge Pepper entered an *Order Certifying Settlement Class, Approving Class Action Settlement and Awarding Attorneys' Fees*.  See Certification Order (attached as Ex. "G" to Def. Motion for Summ. Judgment).  The Certification Order not only certified the Borrower Class and approved the settlement among the parties, but it also included a passage concerning the preclusive effect of the settlement:

> The named Plaintiffs and all Borrower Class Members, other than those who have submitted timely, valid opt-out requests, and all Payee Subclass members are bound by the release provisions contained in Paragraph VI (29) and (30) of the Amended Settlement Agreement, and to the extent therein provided, have released and discharged the EquiCredit Defendants and all other Releasees from any and all claims as set forth in Paragraph 29 of the Amended Settlement Agreement.  The Court bars and permanently enjoins the Representative Plaintiffs and all Borrower Class members, other than those who have submitted timely, valid opt-out requests, and all members of the Payee Subclass from asserting, instituting or prosecuting, either directly or indirectly, any claims released pursuant to the Settlement Agreement.

The Amended Settlement Agreement (attached as Ex. "H" to Def. Motion for Summ. Judgment) referenced by Judge Pepper in the Certification Order reads in relevant part:

-4-

> Borrower Class Members who do not opt out and
> Payee Subclass Members shall be deemed to
> forever release, acquit and discharge the
> EquiCredit Defendants . . . from any and all
> claims, demands, defenses and causes of
> action, in tort or in contract, or otherwise
> arising under any statute, common law or
> equity, known or unknown, past, present, and
> future, that Plaintiffs have or may have
> against the Releasees, for any relief or
> damages . . . relating to all Plaintiffs'
> transactions and contacts with the EquiCredit
> Defendants as of the date of the Preliminary
> Approval Order . . . .

Ryan was sent a claims form by the claims administrator in the Fitzgerald Class Action on July 19, 2005, and informed that she would need to complete and return the form within the prescribed time period to participate in the Fitzgerald Class Action settlement.  See Claims Form (attached as Ex. "I" to Def. Motion for Summ. Judgment).  Additionally, counsel for the EquiCredit defendants in the instant action gave notice of the entry of the Certification Order to Ryan and to Ryan's bankruptcy Trustee by letter dated August 26, 2005.  See Letter to Ryan (attached as Ex. "J" to Def. Motion for Summ. Judgment).

Ryan did not return her claims form, nor has she (or any other person) pursued an appeal of Judge Pepper's Order of Certification.  Ryan's bankruptcy Trustee has also determined that he will not pursue the claims made by Ryan in the instant litigation.  See Trustee's Notice of Waiver and Abandonment of Claims dated October 28, 2005 [docket entry no. 42].

The EquiCredit defendants filed the subject Motion for Summary

Judgment on November 1, 2005, arguing that all of Ryan's claims in the instant action are precluded by her membership in the Borrower Class of the settled Fitzgerald Class Action.   Ryan failed to timely respond to said Motion.   On December 12, 2005, this Court entered an Order to Show Cause directing the plaintiff to respond or risk having judgment entered against her.   Ryan responded by mailing a letter to this Court dated December 18, 2005, citing her troubles with obtaining counsel and confusion as to what she needs to do to pursue her claim.

This Court recognizes that "a *pro se* plaintiff does not have the same training as an attorney, [and therefore should] accord a *pro se* plaintiff some measure of latitude . . . in the errors she might make."   <u>Newsome v. Equal Employment Opp. Comm'n</u>, 301 F.3d 227, 233 (5th Cir. 2002).   However, even though *pro se* plaintiffs such as Ryan should be given more leeway in pursuing her claims, she must be ready to argue her case and respond to the defendants' motions according to a court's directive.   The Court, therefore, will proceed to analyze the merits of the EquiCredit defendants' Motion for Summary Judgment without the benefit of having Ryan's argument.

## DISCUSSION

### I.  Standard for Summary Judgment

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has the initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A contested fact is "material" when it has the potential to change the outcome of the case.  Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party."  Id.

If the moving party sustains its burden, the burden shifts to the nonmoving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).  To overcome summary judgment, the nonmoving party must do more than simply rely on the pleadings or merely rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The non-movant must "designate specific facts showing the existence of a genuine issue for trial."  Anderson, 477 U.S. at 250.  "The mere existence of a scintilla of evidence is insufficient to defeat

a properly supported motion for summary judgment." Id. at 252. Moreover, the nonmoving party must make a showing sufficient to establish the existence of an essential element of its case, an element on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

In light of the facts presented by the nonmoving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law. When deciding a motion for summary judgment, the evidence submitted by the nonmoving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment. Anderson, 477 U.S. at 255. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-movant will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962). By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party. Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**II.  Res Judicata: Preclusive Effect of the Fitzgerald Class Action**

The EquiCredit defendants argue that Ryan is barred by the doctrine of res judicata from bringing her claims in the instant action because she was a member of the Borrower Class in the Fitzgerald Class Action.  See Foret v. Southern Farm Bureau Life Ins., 918 F.2d 534, 538-39 (5th Cir. 1990) (holding that plaintiffs were barred under doctrine of res judicata based upon decision from a prior class action suit involving the same cause of action); Larry James Oldsmobile-Pontiac-GMC Truck Co. v. General Motors Corp., 175 F.R.D. 234, 238-39 (N.D. Miss. 1997) (stating that "any judgment in th[e] class action will be res judicata to the unnamed class members (who have not opted out) . . . .").

For a claim to be barred by res judicata, however, the court must find that: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the parties to both suits are identical; (3) the prior judgment was a final judgment on the merits; and (4) the prior judgment was based on the same cause of action.  See Nilsen v. City of Moss Point, 701 F.2d 556, 559 (5th Cir. 1983).  As to the first prong of the test, there does not appear to be any dispute that the Certification Order was entered by a court of competent jurisdiction.

In applying the next prong of the test, it must be determined whether the parties to this suit and the parties to the Fitzgerald Class Action are "identical".  Of course, there is no question that the defendants in the prior suit are the same defendants as in this

case.  On the plaintiff's side, although she was not a named party in the prior suit, if Ryan was a member of the Borrower Class in the Fitzgerald Class Action then she would be considered to have been a party in that suit.  See Meza v. General Battery Corp., 908 F.2d 1262, 1266-67 (5th Cir. 1990) ("[F]ederal courts have consistently held that a non-party is bound if he . . . was represented as a member of a class . . . in the original litigation.") (internal footnote omitted).  Ryan was identified as a member of the Borrower Class in the Fitzgerald Class Action. Moreover, prior to the class certification, she was notified of her right to object to the class definition or to opt-out of the class action.  She chose to do neither; therefore, this Court holds that Ryan was a party to the prior suit and that the second prong of the res judicata test has been met.

As to the third element that the prior judgment was a final judgment on the merits, it is clear that the Certification and Settlement Order issued in the Fitzgerald Class Action satisfies that requirement.  See Quigley v. Braniff Airways, Inc., 85 F.R.D. 74, 76-77 (5th Cir. 1979) ("[T]he rules of res judicata and collateral estoppel apply as well to consent decrees entered as to final judgments."); Walls v. Indianola Bank, 445 F. Supp. 528, 531 (N.D. Miss. 1977) (holding that plaintiff was precluded from bringing subsequent action after consent decree in a prior class action suit was entered).

The fourth and final element of the test for deciding whether res judicata applies to preclude the present litigation involves a determination of whether the prior and the instant actions involve the same cause of action.  The Borrower Class in the Fitzgerald Class Action includes "all persons to whom EquiCredit Defendants originated (either directly or through a broker) a loan, secured, in whole or in part, by residential real property located in the State of Mississippi, between January 1, 1998 and December 31, 2001."  The loan secured by Ryan from EquiCredit falls within that definition.  The release language contained in the Amended Settlement Agreement referenced by Judge Pepper's Order of Certification clearly encompasses any and all claims the Borrower Class member may have against the EquiCredit defendants in regard to the covered loans.  Thus, the prior and instant suits involve the same cause of action, and res judicata applies to bar the instant litigation.

**CONCLUSION**

It is this Court's conclusion that based upon the arguments set forth in the EquiCredit defendants' Motion for Summary Judgment and as discussed above, those defendants are entitled to summary judgment as to all claims.  Accordingly,

IT IS HEREBY ORDERED that the EquiCredit defendants' Motion for Summary Judgment is **GRANTED;**

IT IS FURTHER ORDERED that the EquiCredit defendants are **DISMISSED WITH PREJUDICE.**

SO ORDERED, this the 13th day of January, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE