```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

GLORIA RYAN                                               PLAINTIFF

VERSUS                        CIVIL ACTION NO. 5:03cv225-DCB-JCS

GATEWAY MORTGAGE; DON E.
HINSON, in his individual capacity;
AND JOHN DOES 1-50                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendants', Gateway Mortgage's and Don Hinson's, Motion to Dismiss for Lack of Prosecution [**docket entry no. 50**] and their Renewal of Motion to Dismiss for Failure to Prosecute [**docket entry no. 52**]. Having reviewed the Motions, applicable statutory and case law and being otherwise fully advised to the premises, the Court finds as follows:

Gloria Ryan initiated the current suit by filing a complaint in the Circuit Court of Adams County, Mississippi, on March 12, 2003. The case was removed to this Court on April 15, 2003. Pursuant to a case management plan and scheduling order docketed as entry number 23 on April 1, 2004, the motion filing deadline in the case was set for January 17, 2005. Ryan was initially represented by attorney Harry McCumber; however, by order of this Court on February 18, 2005, Mr. McCumber was allowed to withdraw from representation. Since that time, the plaintiff has proceeded *pro se*.

A status conference was held before the magistrate judge on

October 20, 2005. The plaintiff, who was then unrepresented, did not appear at that conference though she had been provided notice thereof via certified mail. See docket entry no. 41. On November 1, 2005, defendants Equicredit and Nationscredit moved for summary judgment. The plaintiff did not respond to that motion via a proper pleading even after the Court issued a show cause order.[1] On January 13, 2006, having received no response from the plaintiff, the Court granted summary judgment to those defendants on the merits. See docket entry no. 48.

On January 10, 2006, the magistrate judge noticed another status conference to be held on January 31, 2006. Within that notice, Ryan was warned that "[f]ailure of plaintiff to appear will result in dismissal of this case." See docket entry date January 10, 2006. Gateway Mortgage and Hinson moved to have this action dismissed on January 24, 2006, for failure to prosecute her case. Thereafter, the plaintiff failed to appear at the January 31st hearing or provide any justification to the Court for her absence. Ryan also failed to timely respond to the pending motion to dismiss. On March 9, 2006, the Court entered an order directing the plaintiff to show cause why the motion to dismiss should not be granted. Again, Ryan failed to respond to that order; however, she did write to the Court's chambers and expressed a desire to pursue

---

[1] Ryan did write a letter to the Court's chambers in which she stated that she was unaware of how to proceed.

the action, but she acknowledged that, as a *pro se* plaintiff, she was somewhat confused as to what action she needed to take. The defendants responded on April 4, 2006, renewing their motion to dismiss for failure to prosecute and asking the Court to disregard Ryan's letter inasmuch as it does not constitute a proper pleading.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" "Dismissals with prejudice for failure to prosecute are proper <u>only</u> where (1) there is a clear record of delay or contumacious conduct by the plaintiff <u>and</u> (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." <u>Stearman v. C.I.R.</u>, 436 F.3d 533, 535 (5th Cir. 2006) (citing <u>Tello v. Comm'r</u>, 410 F.3d 743, 744 (5th Cir.), *cert. denied*, 126 S. Ct. 381 (2005)) (emphasis added). The Fifth Circuit has emphasized that dismissals for failure to prosecute should be "reserved for the most egregious of cases." <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 320 (5th Cir. 1982).

Ryan's conduct is certainly not worthy of condonation; however, dismissal of this action would be too severe a sanction at this stage of the litigation. Other than stating that the plaintiff has failed to attend status conferences, the defendants offer no justification, such as unwarranted prejudice to their

case, to have their motion for dismissal granted. The plaintiff has expressed a desire to proceed with this litigation; therefore, the Court will deny the defendants' motions to dismiss. "[A] *pro se* plaintiff does not have the same training as an attorney, [and therefore the court should] accord a *pro se* plaintiff some measure of latitude . . . in the errors she might make." Newsome v. Equal Employment Opp. Comm'n, 301 F.3d 227, 233 (5th Cir. 2002). Despite the leeway that must be afforded to Ryan, the Court warns that she must be prepared to proceed with her case as ordered.

A review of the docket reveals no outstanding motions (beyond those presently addressed) and that the time for discovery, expert designations and the filing of dispositive motions has long since passed. Therefore, this case will be placed on the Court's calendar for trial. The plaintiff is hereby notified and warned that she must comply with all pre-trial procedures, which will include requiring her attendance at a pre-trial conference with the magistrate judge at a date yet to be set. The Court will not likely hesitate to dismiss this action if the plaintiff fails to comply with these procedures. Accordingly,

IT IS HEREBY ORDERED that the defendants' Motion to Dismiss for Lack of Prosecution [**docket entry no. 50**] is **DENIED**;

IT IS FURTHER ORDERED that the defendants' Renewal of Motion to Dismiss for Failure to Prosecute [**docket entry no. 52**] is **DENIED.**

SO ORDERED, this the 12th day of April, 2006.

<u>S/DAVID BRAMLETTE</u><br>
UNITED STATES DISTRICT JUDGE